**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-291

CONTESSA NAIL,

    Plaintiff,

v.

JB PARTNERS CS, LLC d/b/a DUNKIN' DONUTS and
DUNKIN' DONUTS, INC.

    Defendants.

---

**NOTICE OF REMOVAL**

---

    Defendant Dunkin' Donuts, Inc. ("Defendant"), by and through its attorneys, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Boulder County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

    **I.    INTRODUCTION**

    1.    Plaintiff Contessa Nail ("Plaintiff") initiated this lawsuit on December 30, 2021, against Defendants JB Partners CS, LLC d/b/a Dunkin' Donuts and Dunkin' Donuts, Inc., in the District Court for the County of Boulder, State of Colorado, captioned *Contessa Nail v. JB Partners CS, LLC d/b/a Dunkin' Donuts and Dunkin' Donuts, Inc.,* Civil Action No. 2021CV30973, which is now pending in that Court (the "State Action"). *See* **Exhibit A**, Plaintiff's Complaint and Jury Demand.

2. Plaintiff alleges that on December 30, 2019, she entered a Dunkin' Donuts located at 201 N. Circle Drive, Colorado Springs, Colorado, and she tripped over a placemat in front of the entrance. **Exhibit A**, ¶ 4-6.

3. Plaintiff's Complaint alleges claims of Premises Liability pursuant to C.R.S. §13-21-115 and Common Law Negligence.

## II.  COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Both named Defendants were served on January 11, 2022. The Affidavit of Service for JB Partners CS, LLC d/b/a Dunkin' Donuts and Dunkin' Donuts, Inc., are attached hereto as **Exhibits B** and **C**.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

        **Exhibit A**    Complaint

        **Exhibit B**    Return of Service for JB Partners

        **Exhibit C**    Return of Service for Dunkin' Donuts Inc.

        **Exhibit D**    Civil Cover Sheet

        **Exhibit E**    Summons Dunkin' Donuts

        **Exhibit F**    Summons JB Partners

9. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III. DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.**    **THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Colorado. **Exhibit A**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14. Defendant Dunkin Donuts is a citizen of Massachusetts. Defendant Dunkin Donuts is a foreign corporation organized under the laws of the state of Massachusetts with a principal

place of business at 130 Royall Street, Canton, MA 02021. *See* **Ex.A ¶3;** *see also*, Dunkin' Donuts periodic report filed with the Colorado Secretary of State, attached hereto as **Ex. G;** 20 U.S.C. § 1332(c) ("a corporation shall be *deemed* to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15. Defendant JB Partners CS & Colorado Ave LLC, LLC is a foreign corporation organized under the law of the state of Arizona with a principal place of business at 106 S. Kyrene Rd., Ste. 2, Chandler, Arizona 85226. *See* **Ex.A ¶2**; *see also,* JB Partners CS & Colorado Ave LLC, LLC periodic report filed with the Colorado Secretary of State, attached hereto as **Ex. H**; 20 U.S.C. § 1332(c), *supra*.

16. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17. The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In her Complaint, Plaintiff alleges that she has sustained "serious and permanent injuries and damages" caused by the incident. **Exhibit A**, ¶ 18.[2] Further, Plaintiff's Civil Case Cover Sheet, attached as **Exhibit D**, states Plaintiff seeks more than $100,000 in damages in this matter.

18. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding her alleged damages and injuries.

19. Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

20. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

21. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet. *See* **Exhibit C**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000

and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

22.    In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which he certifies "that the value of this party's claims against one of the other parties is reasonably believed to exceed $100.000." **Exhibit D**.

23.    The "[Civil Case Cover Sheet] is properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

24.    Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25.    Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Dunkin' Donuts Inc., respectfully requests that the action now pending in the Arapahoe County District Court, Case No. 2021CV30973, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 1st day of February, 2022.

                                        Respectfully submitted,

                                        Hall & Evans, LLC

                                        *s/Christopher D. Bryan*
                                        Christopher D. Bryan

Michael C. Helland
1001 17th Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300
Fax: (303) 628-3368
bryanc@hallevans.com
hellandm@hallevans.com
*Counsel for Defendant*
*Dollar Tree Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served the foregoing via electronic mail to the following non-CM/ECF participants:

Sandomire & Kuberry, PLLC
561 Santa Fe Drive
Denver, CO 80204
Andrew I. Sandomire, #35171
Jaynie R. Kuberry, #41511
Phillip T. Reither, #51618
Telephone: (303) 300-3333
Facsimile: (303) 300-3331
andrew@303legal.com
jaynie@303legal.com
phil@303legal.com

*Attorneys for Plaintiff*

    *s/ Mollie McDonald*
Mollie McDonald, Legal Assistant