| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br><br>Court Address:<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: December 30, 2021 11:33 AM<br>FILING ID: 17F7248A8808E<br>CASE NUMBER: 2021CV30973 |
| Plaintiff: **CONTESSA NAIL,**<br><br>v.<br><br>Defendants: **JB PARTNERS CS, LLC d/b/a DUNKIN' DONUTS AND DUNKIN' DONUTS, INC.** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Sandomire & Kuberry, PLLC<br>561 Santa Fe Drive<br>Denver, CO 80204<br>Andrew I. Sandomire, #35171<br>Jaynie R. Kuberry, #41511<br>Phillip T. Reither, #51618<br>Telephone: (303) 300-3333<br>Facsimile: (303) 300-3331<br>andrew@303legal.com<br>jaynie@303legal.com<br>phil@303legal.com | Case No:<br><br>Div/Crtm: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW**, Plaintiff, Contessa Nail, by and through counsel, Sandomire & Kuberry, PLLC, and for her Complaint and Jury Demand, states:

## GENERAL ALLEGATIONS

1.  At all times material hereto, Plaintiff, Contessa Nail (hereinafter "Plaintiff"), was a resident of the State of Colorado.

2.  Upon information and belief, Defendant, JB Partners CS, LLC d/b/a Dunkin' Donuts, was, at all times material hereto, an Arizona limited liability company, with a principal place of business in Arizona, authorized to do business in the State of Colorado, with a principal address at 106 South Kyrene Road, Suite 2, Chandler, AZ 85226. Defendant's registered agent is located at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

3.  Upon information and belief, Defendant, Dunkin' Donuts, was, at all times

material hereto, a Maine corporation, with a principal place of business in Maine, authorized to do business in the State of Colorado, with a principal address at 130 Royall Street, Canton, MA 02021. Defendant's registered agent is located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Upon information and belief, at all times relevant, Defendants owned, managed, and/or maintained a Dunkin' Donuts store located at 201 N. Circle Drive, Colorado Springs, CO, 80909.

5. On or about December 30, 2019, Plaintiff was entering the Dunkin' Donuts location in Colorado Springs.

6. Plaintiff came to the entrance of the establishment and tripped over a place mat in front of the entrance that left a considerable gap and crack negligently and carelessly uncovered.

7. Plaintiff fell backwards and landed on the floor on her back.

8. Plaintiff did not see any warning signs in the vicinity of where the incident occurred.

9. At all times relevant hereto, Plaintiff was an invitee.

10. Plaintiff's slip and fall was the direct and proximate result of a dangerous condition on Defendants' property, namely the place mat at the entrance that left a considerable gap and crack uncovered, which Defendant knew of and/or should have known of by the use of reasonable care.

11. Defendants failed to exercise reasonable care to protect against the dangerous condition.

12. At all times material hereto, Defendants allowed the dangerous condition to exist on the property, which caused Plaintiff to slip and fall, resulting in her injuries, damages and/or losses.

13. Defendants did not keep said premises in a reasonably safe condition for invitees, including Plaintiff.

14. As a result of her slip and fall, Plaintiff suffered injuries, damages and/or losses including, but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

15. A portion of Plaintiff's injuries, damages and/or losses are either permanent and/or continuing in nature.

## JURISDICTION AND VENUE

16. Jurisdiction is proper in this Honorable Court pursuant to C.R.S. §13-11-124(1) as Plaintiff was injured in the State of Colorado.

17. Venue is proper in Boulder County pursuant to C.R.C.P Rule 98(c)(1), as Defendant are out of state business entities.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## PREMISES LIABILITY

18. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

19. Plaintiff was an invitee at the time of the incident, pursuant to CRS § 13-21-115(1).

20. At all times relevant, Defendants were landowners as defined under the Colorado Premises Liability Act.

21. As landowners, Defendants owed Plaintiff a duty to exercise reasonable care to protect against dangers of which it knew or should have known.

22. Plaintiff falls into the category of individuals to be protected under said statute.

23. Defendants, acting through their agents, servants, and/or employees, were negligent in their ownership, maintenance and/or control of the subject premises insofar as they allowed an improperly placed mat to be stationed at the entrance of the store without any warning to shoppers.

24. The placement of the place mat at the entrance which left a gap and a crack uncovered constituted an unreasonably dangerous condition in the form of a trip hazard.

25. As a direct and proximate result of the negligence of Defendants, acting through their agents, servants and/or employees, Plaintiff has suffered injuries and damages, including, but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

26. Plaintiff's injuries, losses, and damages are either permanent and/or continuing in nature.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

## COMMON LAW NEGLIGENCE

27. The previous paragraphs are incorporated herein by reference.

28. Defendants owed Plaintiff a duty of reasonable care in the construction, maintenance, and operation of the Property.

29. Defendants breached their duty of care by failing to provide a safe environment and, more specifically, improperly placing a place mat at the entrance of the store with no warnings to shoppers, such as Plaintiff, of the dangerous condition on the Property.

30. As a direct and proximate result of Defendants' breach of the aforementioned legal duties, Plaintiff suffered injuries, losses, and damages.

31. As a further result of Defendants' negligent conduct, Plaintiff suffered economic and non-economic damages including, but not limited to, pain and suffering, permanent impairment, medical expenses, lost income and earning capacity, and loss of the enjoyment of life.

**WHEREFORE,** Plaintiff, Contessa Nail, respectfully requests that this Honorable Court enter judgment against Defendants and in favor of Plaintiff, for damages in an amount to be determined at the time of trial, pre and post judgment interest, costs, attorney fees, expert witness fees and for such other and further relief as this Court deems proper.

Respectfully submitted this 30th day of December 2021.

**SANDOMIRE & KUBERRY, PLLC**

*/s/ Phil Reither*
ATTORNEYS FOR PLAINTIFF
Sandomire & Kuberry, PLLC
561 Santa Fe Drive
Denver, CO 80204
Andrew I. Sandomire, #35171
Jaynie R. Kuberry, #41511
Phillip T. Reither, #51618
Telephone: (303) 300-3333
Facsimile: (303) 300-3331
andrew@303legal.com
jaynie@303legal.com
phil@303legal.com

*In accordance with C.R.C.P 121 § 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

Plaintiff's Address:
c/o Sandomire & Kuberry, PLLC
561 Santa Fe Drive
Denver, CO 80204